UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-207-RJC-DCK

MITSUI SUMITOMO INSURANCE )
COMPANY OF AMERICA and )
SCHAEFER SYSTEMS )
INTERNATIONAL, INC., )
)
        **Plaintiffs,** )
)
v. )    **CONSENT PROTECTIVE ORDER**
)
TRAVELERS PROPERTY CASUALTY )
COMPANY OF AMERICA, )
)
        **Defendant.** )
_____ )

    WHEREAS, finding good cause for the entry of a protective order limiting disclosure of documents and information generated during discovery or otherwise in this action, including deposition testimony and discovery from third parties, the Court enters the following Agreed Protective Order (hereinafter, the "Order") pursuant to Rule 26 of the Federal Rules of Civil Procedure:

    1.    <u>Confidential Material</u>. Any party hereto producing, or providing in response to discovery, documents, answers to interrogatories, answers to deposition questions, responses to requests for admission or other material (hereinafter, a "Producing Party") may mark or designate only such portion of such discovery material as "Confidential" that contains or would otherwise disclose information of a non-public nature which the Producing Party believes in good faith to be a trade secret or other confidential research, development, or commercial information. A Producing Party producing discovery material may designate only such portion of such discovery material as "Highly Confidential" that contains or discloses information that the Producing Party deems to be particularly sensitive personal, business or financial information, the disclosure of which beyond the

persons to whom disclosure is allowed in this Order the Producing Party believes, in good faith, could result in business or personal harm. All discovery material so designated and all information derived therefrom are referred to herein as "Confidential Material" and shall be treated in strict accordance with the terms of this Order.

2. <u>Restrictions</u>. Any party receiving Confidential Material (hereinafter, the "Receiving Party") shall not use Confidential Material for the purpose of competing with the Producing Party or for any other commercial or business purpose, shall not permit disclosure of Confidential Material by Qualified Persons (as hereinafter defined) to anyone except other Qualified Persons, and shall not use Confidential Material in any other action or proceeding without the written agreement of the Producing Party or without further order of this Court.

3. <u>Designation</u>.

    (a) <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced. Designation in conformity with this Order requires:

        i) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" or "Highly Confidential" on each page that contains protected material. With respect to multi-page documents that contain Confidential or Highly Confidential information, the designation may be made by marking only the first page thereof "Confidential" or "Highly Confidential" so long as such multi-page documents are securely bound. A party or non party that

makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied or imaged and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential." After the inspecting party has identified the documents it wants copied or imaged and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential") on each page that contains Confidential Material.

ii) <u>for testimony given in deposition or in other pretrial or trial proceedings or exhibits offered in depositions or other such proceedings</u>, that the party or non party offering or sponsoring the testimony identify on the record all protected testimony or exhibits, or within 14 business days after the transcript is received after the close of the deposition, hearing, or other proceeding designate any portion or portions of such transcript and/or video recording thereof, including exhibits, as Confidential Material under the terms of this Order. Until such time period elapses, the entire volume of the deposition transcript (and any draft transcripts) shall be treated as Highly Confidential unless otherwise specified in writing or on the record of the deposition by the Producing Party. All copies of deposition transcripts and/or

video recordings thereof that contain Confidential Material shall be prominently marked "Confidential" or "Highly Confidential" on the cover and/or label thereof and, if filed with the Court, the portions of such transcripts and/or video recordings so designated shall be filed under seal. Only those portions of the testimony or exhibits that are appropriately designated for protection within the 14 business days shall be covered by the provisions of this Order.

    iii) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential."

    iv) <u>for documents previously produced pursuant to a confidentiality agreement between the parties</u>, that such documents will be deemed Confidential Material under the terms of this Order.

    v) If a Producing Party does not intend to designate all of the information contained within a particular document or deposition testimony as Confidential Material, counsel for such party should indicate in a clear fashion that portion of the document or testimony which is intended to be designated as Confidential or Highly Confidential.

(b) <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not, standing alone, waive the Producing Party's right to

secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Any documents previously produced in this Litigation shall be protected by the provisions of this Order.

4. <u>Qualified Persons</u>. Any material thus identified as Confidential Material shall be revealed only to and used only by "Qualified Persons" and only for the preparation and trial of this case. Counsel for each party to this action shall be responsible for insuring that Qualified Persons receiving Confidential Material pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them. As used herein, "Qualified Person" means:

(a) This Court, including its staff and any jury selected in this case, under such safeguards as are provided in this Order or as are required by this Court in the event any Confidential Material is to be used or introduced at trial;

(b) Counsel of record for the parties to this action, together with such other attorneys within their firm, their paralegals, and clerical employees actually working on the case at any time;

(c) The parties, including officers or employees of a corporate party whose access to Confidential Material is deemed by counsel for that party to be necessary to the preparation or defense of this action. Disclosure of Confidential Material to such persons identified in this subparagraph shall be confined to those materials deemed necessary by counsel for that purpose. In addition,

such individuals shall not be permitted to keep copies of the Confidential Material;

(d) Mediators and their staffs enlisted by all parties to assist in the resolution of this matter;

(e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(f) Outside experts consulted or retained by counsel in connection with the preparation for trial and trial of this action.

5. <u>Acknowledgments</u>. All persons receiving any Confidential Information pursuant to paragraph 3(f) above shall first sign an Acknowledgment that reflects their commitment to preserve the confidentiality of all information so designated, which Acknowledgment shall be in the form of Exhibit A hereto, with a copy maintained by counsel to the supplying party.

6. <u>Use</u>. Nothing contained in this Order shall prevent disclosure or use of any Confidential Material in connection with any deposition in this case, so long as such disclosure or use is deemed necessary in the judgment of counsel proposing to disclose or use such material for the prosecution or defense of this action. Whenever Confidential Material is to be discussed or disclosed at a deposition, the Producing Party may require the exclusion from the room of any person who is not entitled to review such documents or information under this Order. A party's right to use any Confidential Material at the trial of this case or at any other evidentiary hearings shall be as agreed by the parties or as directed by the Court. In the event that a party wishes to use information or documents designated as Confidential or Highly Confidential in any document, pleading or deposition transcript filed in this litigation, such document, pleading or transcript (or the part thereof containing

Confidential Material) shall be filed under seal and maintained under seal by the Court, subject to further order.

7. Rule 502. Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of protected communications or information shall not constitute a waiver of any privilege or other protection (including work product) if the Producing Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure. The Producing Party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if that party utilized either attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools in screening for privilege, work product or other protection. In the event of the inadvertent disclosure of protected materials, the Producing Party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within thirty (30) days from the date that the inadvertent disclosure was discovered or brought to the attention of the producing party, the Producing Party notifies the Receiving Party of the inadvertent disclosure and instructs the Receiving Party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information). Upon receiving such a request from the Producing Party, the Receiving Party shall promptly sequester, return, delete, or destroy all copies of such inadvertently produced communications or information (including any and all work product containing such communications or information), and shall make no further use of such communications or information (or work product containing such communications or information). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client, work product, or other designation of protection.

8. <u>Scope</u>. Producing or receiving materials or otherwise complying with the terms of this Agreement shall not:

(a) Prejudice the rights of any party to object to the production of documents it considers not subject to discovery;

(b) Prejudice the rights of any party to object to the authenticity or admissibility of any document, testimony or evidence subject to this Agreement;

(c) Prejudice the right of any party to seek this Court's determination whether particular information should be produced or should be subject to the terms of this Agreement;

(d) Prejudice the rights of any party to apply to this Court for a further protective order relating to any Document or any Testimony;

(e) Prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular document or testimony and to seek Court approval for such modification, if necessary; or

(f) Restrict in any way the Producing Party's use of any discovery material produced by it.

9. <u>Duration</u>. The obligations of this Order shall survive the termination of the action and shall continue to bind the parties and any people receiving Confidential Material under this Order. Within sixty (60) days after the termination of this action by judgment, settlement or otherwise, all documents, and all copies thereof, whether in the possession of a party, her or its counsel, or experts, containing or disclosing Confidential Material, shall either be returned to the entity that produced the

Confidential Material or, in the discretion of the producing entity, destroyed by the person in possession. Provided, however, each party's trial counsel shall have the right to retain in its offices documents constituting work product or attorney-client privileged communications, a copy of pleadings, deposition transcripts, and deposition or trial exhibits. Upon the resolution of this case, all documents or information filed with the Court under seal that have not been unsealed pursuant to a court order or by agreement of the parties shall remain sealed.

10. <u>Violation</u>. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

IT IS SO ORDERED.

Signed: April 18, 2016

David C. Keesler
United States Magistrate Judge

**EXHIBIT A**

<u>Acknowledgment and Agreement</u>

I hereby acknowledge that I have read the Agreed Protective Order ("the Order) in the action entitled *Mitsui Sumitomo Insurance Company of America and Schaefer Systems International, Inc. v. Travelers Property Casualty Company of America*, Civil Action No. 3:15-CV-00207-RJC-DCK, that I understand the terms thereof, and that I agree to be bound by those terms. I understand that I may be subject to contempt for violating the Order and subject to the jurisdiction of the Court in which this action is pending for the purpose of proceedings to enforce that Order.

Date: _____  _____
Signature

_____
(Print Name)