UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-CV-00207-RJC-DCK

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, and SCHAEFER SYSTEMS INTERNATIONAL, INC. | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     ORDER |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** comes before the Court after further briefing on the calculation of damages recoverable by Plaintiffs Mitsui Sumitomo Insurance Company of America ("Mitsui") and Schaefer Systems International, Inc. ("Schaefer") (collectively with Mitsui, "Plaintiffs") upon a finding that Defendant Travelers Property Casualty of America ("Travelers") breached its duty to defend Schaefer. (Doc. No. 67: Order at 12-13).

I.    BACKGROUND

The Court previously found that Travelers wrongfully failed to provide coverage to Schaefer when it was sued based on the alleged negligence of its subcontractor in March 2013; therefore, Plaintiffs are entitled to full reimbursement of their litigation costs from the filing of the lawsuit until its resolution.[1] (Doc. No. 67: Order at 12). Because the amount of those costs was not readily discernable from the pleadings, the Court reserved judgment on that issue and

---

[1] The Court later denied Travelers' motion to reconsider the merits of that decision. (Doc. No. 75: Order).

1

ordered further briefing on how damages should be calculated, including whether an evidentiary hearing is warranted. (Id.). Upon the filing of pleadings by the parties, (Doc. No. 70: Pl. Mem.; Doc. No. 73: Def. Resp.; Doc. No. 74: Pl. Reply), this matter is ripe for decision.

II. DISCUSSION

Plaintiffs do not ask for an evidentiary hearing, but rather calculated the dollar amounts for legal fees and expenses paid by Mitsui and Schaefer from billing recordings during the time period defined by the previous Order, totaling $1,586,473.43 and $450,113.47, respectively. (Doc. No. 70: Pl. Mem. 2-4). According to Plaintiffs, the law firm invoices at issue were provided to Travelers prior to and during this litigation, and were filed with the Court as well. (Id. at 5). Plaintiffs also seek prejudgment interest at the Florida statutory rate from the date of the loss. (Id. at 4-5).

Travelers contends that it is entitled to discovery regarding Plaintiffs' damage claims and that Florida law requires expert testimony to demonstrate the reasonableness of attorney's fees and expenses; therefore, summary disposition is not appropriate. (Doc. No. 73: Def. Resp. 2-3). Plaintiffs counter that the materials necessary for determining their damages are already in the record and that Florida law does not require expert testimony where attorney's fees are awarded as compensatory damages in breach of contract cases. (Doc. No. 74: Pl. Reply at 1-2, 5).

The Initial Pretrial Order and Case Management Plan provides that discovery will be governed by a subsequent scheduling order to be entered following a ruling on cross-motions for summary judgment. (Doc. No. 28 at 2). The issues to be decided on summary judgment were (1) when Travelers' duty to defend the underlying state court lawsuit arose; and (2) whether Travelers was obligated to reimburse Plaintiffs for multiple law firms defending the suit. (Id.). Both those issues were resolved in the previous Order largely in Plaintiffs' favor. While

2

Travelers couches the amount of reimbursement as a remaining issue subject to discovery and trial, the Court finds it to be a corollary of the issue already decided, that is, the dollar figure necessary to provide Plaintiffs "full reimbursement of their litigation costs from the time of Travelers' breach when the lawsuit was filed on March 13, 2013 until its resolution." (Doc. No. 67: Order at 12).

"Florida courts have recognized that 'where a party seeks to have the opposing party in a lawsuit pay for attorney's fees incurred in the *same* action, the general rule in Florida is that independent expert testimony is required.'" Schwartz v. Bloch, 88 So. 3d 1068, 1072 (Fla. 4th Dist. Ct. App. 2012) (quoting Sea World v. Ace Am. Ins. Co., Inc., 28 So. 3d 158, 160 (Fla. 5th Dist. Ct. App. 2012) (italics in original)). However, where a party seeks to recover reasonable attorney's fees as compensatory damages, expert testimony is not required, Id. at 1072, but rather "a reasonable basis in the evidence for the amount awarded," Sea World, 28 So. 3d at 160.

Sea World is particularly instructive because it involves a contractual indemnity claim seeking recovery of litigation expenses incurred to defend an underlying lawsuit. Id. The case on which Travelers relies, Travelers Prop. Casualty Co. of Am. v. Amerisure Ins. Co., 161 F. Supp. 1133, 1139 (N.D. Fla. 2015), is inapposite because the defendant in that matter had submitted a qualified expert's testimony that the fees were unreasonable, creating a triable issue of fact.[2] Here, the Court previously found that Travelers had not shown a genuine issue of material fact concerning the reasonableness of Plaintiffs' defense of the underlying suit, (Doc.

---

[2] Other cases cited by Travelers are distinguishable as involving lawsuits by attorneys against clients for payment of fees in which the requirement of independent testimony regarding the reasonableness of the sought fee applies. Ghannam v. Shelnutt, 199 So. 3d 295, 299-300 (Fla. 5th Dist. Ct. App. 2016) (noting Sea World as distinguishable); Robin Roshkind, P.A. v. Machiela, 45 So. 3d 480 (Fla. 4th Dist. Ct. App. 2010) (noting Sea World's holding that independent expert testimony is unnecessary in litigation over fees incurred to defend breach of contract action).

3

No. 67: Order at 12), and the record following additional briefing provides a conclusive basis to award Plaintiffs the amounts claimed; therefore, summary disposition is appropriate.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Travelers is liable to Mitsui for $1,586,473.43 plus prejudgment interest at the rates required by Florida law from the date invoice payments were due after March 13, 2013; and

2. Travelers is liable to Schaefer for $450,113.47 plus prejudgment interest at the rates required by Florida law from the date invoice payments were due after March 13, 2013.

3. The Clerk of Court is respectfully directed to enter the judgment and close this case.

Signed: September 18, 2017

Robert J. Conrad, Jr.
United States District Judge